ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM (Cal. Bar No. 110984)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

FILED 2014 FEB 12 AM 10:37 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY:___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$721,701.00 SEIZED FROM MERRILL LYNCH BROKERAGE ACCOUNT NO. '2504; $398,093.00 SEIZED FROM CREDIT SUISSE BROKERAGE ACCOUNT NO. '5863; $234,915.00 SEIZED FROM FIDELITY BROKERAGE SERVICES, LLC BROKERAGE ACCOUNT NO. '5228; $201,000.00 SEIZED FROM FIDELITY BROKERAGE SERVICES, LLC BROKERAGE ACCOUNT NO. '8194; $150,918.00 SEIZED FROM CITIGROUP GLOBAL MARKETS, INC. BROKERAGE ACCOUNT NO. '2856; $110,344.41 SEIZED FROM WELLS FARGO BANK ACCOUNT NO. '3577; $59,599.00 SEIZED FROM CREDIT SUISSE BROKERAGE ACCOUNT NO. '7108; $59,561.00 SEIZED FROM | No. SACV 14-cv-0206 AG-JPR<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>[18 U.S.C. §§ 981(a)(1)(C) and 984]<br><br>[I.R.S.] |

1

```
CREDIT SUISSE BROKERAGE ACCOUNT   )
NO. '7090; $59,558.00 SEIZED FROM  )
CREDIT SUISSE BROKERAGE ACCOUNT    )
NO. '7082; AND $59,526.00 SEIZED   )
FROM CREDIT SUISSE BROKERAGE       )
ACCOUNT NO. '7074,                 )
                                   )
             Defendants.           )
_____)
```

For its claim against the defendant assets, described more specifically below, the United States of America alleges:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

2. This court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendants (collectively, the "defendant funds") are the funds in the following brokerage and bank accounts which were seized by the Internal Revenue Service ("IRS") pursuant to federal seizure warrants:

   a. $721,701.00 seized on July 20, 2009, from a Merrill Lynch Brokerage account with an account number ending in 2504[1] and in the name of the Decinces Revocable Living Trust UAD May 28, 1986 and February 2, 1994, Douglas V. DeCinces and Kristi L. DeCinces Trustees. These funds were seized at Merrill

---

[1] Pursuant to Local Rule 5.2-1, only the last four digits of the bank accounts are listed.

2

Lynch, 24422 Avenida De La Carlota, Suite 400, Laguna Hills, California 92653.

   b. $398,093.00 seized on July 20, 2009, from a Credit Suisse brokerage account with an account number ending in 5863 and in the name of the DeCinces Revocable Living Trust, UAD June 28, 2001, Douglas DeCinces and Kristi L. DeCinces Trustees. These funds were seized at Credit Suisse, 2121 Avenue of the Stars, 33rd Floor, Los Angeles, California 90067.

   c. $234,915.00 seized on August 10, 2009, from a Fidelity Brokerage Services, LLC brokerage account with an account number ending in 5228 and in the name of Eddie C. Murray. These funds were seized at Fidelity Investments, 100 Crosby Parkway, KC1D, Covington, Kentucky 41015.

   d. $201,000.00 seized on October 8, 2009, from a Fidelity Brokerage Services, LLC (also referred to as Fidelity Management Trust Co.) brokerage account with an account number ending in 8194 and in the name of Roger A. Wittenbach. These funds were seized at Fidelity Management Trust Co., 82 Devonshire Street, Boston, Massachusetts 02109.

   e. $150,918.00 seized on July 17, 2009, from a Citigroup Global Markets, Inc., brokerage account with an account number ending in 2856 and in the name of Timothy DeCinces and Melissa DeCinces. These funds were seized at Citigroup Global Markets, Inc., 444 South Flower Street, 35th Floor, Los Angeles, California 90071.

   f. $110,344.41 seized on August 6, 2009, from a Wells Fargo Bank account with an account number ending in 3577 and in the name of Thomas Williams and Amy Williams. Thomas and

Amy Williams are relatives of Douglas V. DeCinces. These funds were seized at Wells Fargo, N.A., Levy Processing, 100 West Washington Street, Floor 15, Phoenix, Arizona 85003.

  g. $59,599.00 seized on July 20, 2009, from a Credit Suisse brokerage account with an account number ending in 7108 and in the name of Douglas V. DeCinces as Custodian for B.W.[2] These funds were seized at Credit Suisse, 2121 Avenue of the Stars, 33rd Floor, Los Angeles, California 90067.

  h. $59,561.00 seized on July 20, 2009, from a Credit Suisse brokerage account with an account number ending in 7090 and in the name of Douglas V. DeCinces as Custodian for P.D. These funds were seized at Credit Suisse, 2121 Avenue of the Stars, 33rd Floor, Los Angeles, California 90067.

  i. $59,558.00 seized on July 20, 2009, from a Credit Suisse brokerage account with an account number ending in 7082 and in the name of Douglas V. DeCinces as Custodian for D.D. These funds were seized at Credit Suisse, 2121 Avenue of the Stars, 33rd Floor, Los Angeles, California 90067.

  j. $59,526.00 seized on July 20, 2009, from a Credit Suisse brokerage account with an account number ending in 7074 and in the name of DeCinces as Custodian for R.D. These funds were seized at Credit Suisse, 2121 Avenue of the Stars, 33rd Floor, Los Angeles, California 90067.

 6. The accounts listed in paragraphs 5a, 5b, 5g, 5h, 5i and 5j are referred to collectively as the "DeCinces Accounts". The funds seized from the DeCinces Accounts total $1,358,038.00.

---

[2] Pursuant to Fed. R. Civ. P. 5.2(a), minors are identified in this complaint by their initials only.

7.  The defendant funds are currently in the custody of the IRS where they shall remain subject to the jurisdiction of this Court during the pendency of this action.

8.  The interests of Douglas V. DeCinces ("DeCinces"), Kristi DeCinces, Eddie C. Murray ("Murray"), Janice Murray, Roger A. Wittenbach ("Wittenbach"), Janet K. Wittenbach, Timothy DeCinces, Melissa DeCinces, Thomas Williams, Amy Williams, the DeCinces Revocable Living Trust UAD May 28, 1986 and February 2, 1994, Douglas V. DeCinces and Kristi DeCinces Trustees; the DeCinces Revocable Living Trust UAD June 28, 2001, Douglas V. DeCinces and Kristi L. DeCinces Trustees, and Douglas V. DeCinces as Custodian for B.W., P.D., D.D. and R.D. may be affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

9.  This case arises from unlawful insider trading that began in advance of a January 12, 2009 public announcement that Abbott Laboratories, Inc. ("Abbott") agreed to acquire the outstanding shares of Advanced Medical Optics, Inc. (hereinafter referred to by its former New York Stock Exchange ticker symbol ("EYE") for $22 per share ("Acquisition Agreement") through a tender offer (the "EYE/Abbott Transaction"). DeCinces received material, nonpublic information about the impending EYE/Abbott Transaction from a source directly involved with the EYE/Abbott Transaction who had access to material, nonpublic information regarding the EYE/Abbott Transaction and was aware that the information should be kept confidential. The source was an

officer and director of EYE and a longtime friend and neighbor of DeCinces.

10. In the weeks preceding the public announcement, DeCinces purchased at least 83,700 shares of EYE stock, on the basis of the material, nonpublic information regarding the impending EYE/Abbott Transaction DeCinces received from the source. In addition, DeCinces tipped Wittenbach, Murray and DeCinces' son and daughter (Timothy and Amy DeCinces) regarding the impending EYE/Abbott Transaction, each of whom thereafter purchased EYE stock on the basis of the information that he or she received.

11. After the public announcement of the EYE/Abbott Transaction, DeCinces sold the EYE shares mentioned above and realized a profit of over $1.3 million, which illegal proceeds DeCinces deposited into the DeCinces Accounts.

12. After the public announcement of the EYE/Abbott Transaction, Wittenbach sold 15,000 EYE shares he had acquired on the basis of the inside information which Wittenbach had received from DeCinces. Wittenbach realized a profit of approximately $200,000.00 from the sale, which illegal proceeds Wittenbach deposited into the Wittenbach '8194 Account.

13. After the public announcement of the EYE/Abbott Transaction, Murray sold 17,000 EYE shares he had acquired on the basis of the inside information which Murray had received from DeCinces. Murray realized a profit of over $234,000.00 from the sale, which illegal proceeds Murray deposited into the Murray '5228 Account.

14.  After the public announcement of the EYE/Abbott Transaction, Timothy DeCinces sold 10,000 EYE shares he had acquired on the basis of the inside information which Timothy DeCinces had received from DeCinces. Timothy DeCinces realized a profit of over $150,000.00 from the sale, which illegal proceeds Timothy DeCinces deposited into the Timothy DeCinces '2856 Account.

15.  After the public announcement of the EYE/Abbott Transaction, Amy Williams sold 10,000 EYE shares she had acquired on the basis of the inside information which Amy Williams had received from DeCinces. Amy Williams realized a profit of over $110,000.00 from the sale, which illegal proceeds Amy Williams deposited into the Amy Williams '3577 Account.

16.  On or about August 4, 2011, the Securities and Exchange Commission (the "SEC") filed a civil complaint against DeCinces, Wittenbach and others based on the same allegations of insider trading set forth above. See <u>Securities and Exchange Commission v. Douglas v. DeCinces, et al.</u>, Case No. SACV 11-01168-DOC (ANx). In that case, DeCinces and Wittenbach consented to the entry of separate final judgments, both of which were filed on August 9, 2011.

17.  Pursuant to the final judgment against DeCinces, the Court ordered that DeCinces was liable to the SEC for a total of $2.5 million, consisting of (1) a civil penalty in the amount of $1,197,998.00 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; (2) disgorgement of $1,282,691.00, representing profits gained as a result of the conduct alleged in the SEC's complaint; and (3) prejudgment interest in the amount of

$19,311.00. The final judgment also provides that DeCinces' liability for the civil penalty and disgorgement amounts shall be offset by the $1,358,038.00 seized on or about July 20, 2009 from the DeCinces Accounts, provided that the $1,358,038.00 is retained by the United States as a result of the United States' filing of any civil or criminal proceeding establishing the United States' right to the $1,358,038.00, such as the instant civil forfeiture action filed against those funds.

18. Pursuant to the final judgment against Wittenbach, the Court ordered that Wittenbach was liable to the SEC for a total of $422,366.00, consisting of (1) a civil penalty in the amount of $214,906.00 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; (2) disgorgement of $201,692.00, representing profits gained as a result of the conduct alleged in the SEC's complaint; and (3) prejudgment interest in the amount of $5,768.00. The final judgment also provides that Wittenbach's liability for the disgorgement amount shall be offset by the $201,000.00 seized from the Wittenbach '8194 Account, provided that the $201,000.00 is retained by the United States as a result of the United States' filing of any civil or criminal proceeding establishing the United States' right to the $201,000.00, such as the instant civil forfeiture action filed against those funds.

19. On or about August 17, 2012, the SEC filed a civil complaint against Murray and others based on the same allegations of insider trading set forth above. See Securities and Exchange Commission v. James V. Mazzo, David L. Parker and Eddie C. Murray, Case No. SACV 12-1327-DOC (ANx). In that case,

Murray consented to the entry of a final judgment, which was filed on February 25, 2013.

20. Pursuant to the final judgment against Murray, the Court ordered that Murray was liable to the SEC for a total of $358,151.00, consisting of (1) a civil penalty in the amount of $117,657.00 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; (2) disgorgement of $235,314.00, representing profits gained as a result of the conduct alleged in the SEC's complaint; and (3) prejudgment interest in the amount of $5,180.00. The final judgment also provides that Murray's liability for the disgorgement amount shall be offset by the $234,915.00 seized on or about August 10, 2009 from the Murray '5228 Account, provided that the $234,915.00 is retained by the United States as a result of the United States' filing of any civil or criminal proceeding establishing the United States' right to the $234,915.00, such as the instant civil forfeiture action filed against those funds.

21. On November 28, 2012, a Federal Grand Jury indicted DeCinces and Wittenbach (among others) based on the same allegations of insider trading set forth above. <u>United States of America v. Douglas DeCinces, David Parker, F. Scott Jackson, and Roger Wittenbach</u>, SACR 12-0269-AG.

22. Based upon the above, plaintiff alleges that the defendant funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the ground that the defendant funds represent or are traceable to proceeds of fraud in connection with the sale of securities, which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and

1961(1). In addition, plaintiff alleges that the defendant funds are identical property found in the same accounts as the property involved in the specified offense, rendering them subject to forfeiture pursuant to 18 U.S.C. § 984.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant funds, due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed, that this court decree forfeiture of the defendant funds to the United States of America for disposition according to law, and for such other and further relief as this court may deem just and proper, together with the costs and disbursements of this action.

DATED: February 11, 2014

        ANDRÉ BIROTTE JR.
        United States Attorney
        ROBERT E. DUGDALE
        Assistant United States Attorney
        Chief, Criminal Division
        STEVEN R. WELK
        Assistant United States Attorney
        Chief, Asset Forfeiture Section

        /s/ Frank Kortum
        FRANK D. KORTUM
        Assistant United States Attorney

        Attorneys for Plaintiff
        United States of America

## VERIFICATION

I, REMOUN KARLOUS, declare and say that:

1. I am a Special Agent with Internal Revenue Service.

2. I have read the attached Verified Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this __10TH__ day of February 2014 at Santa Ana, California.

REMOUN KARLOUS
Special Agent -IRS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Andrew J. Guilford_____ and the assigned Magistrate Judge is _____Jean P. Rosenbluth_____ .

The case number on all documents filed with the Court should read as follows:

**8:14-cv-00206 AG-JPRx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 12, 2014                           By  SBOURGEOIS
Date                                            Deputy Clerk

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)              NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
UNITED STATES OF AMERICA

**DEFENDANTS**
$721,701.00 SEIZED FROM MERRILL LYNCH BROKERAGE ACCOUNT NO. '2504; $398,093.00 SEIZED FROM CREDIT SUISSE BROKERAGE ACCOUNT NO. '5863, ET AL.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ANDRE BIROTTE JR., U.S. Attorney, FRANK D. KORTUM, AUSA
United States Attorney's Office, California Bar No. 110984
312 N. Spring St., 14th Floor, Los Angeles, CA 90012   (213) 894-5710

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. §§ 981(a)(1)(C) and 984

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations |  | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application |  | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure |  | ☐ 440 Other Civil Rights | ☒ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee |  |  | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:** Case Number: 8:14-206

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    **CIVIL COVER SHEET**                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____[signature]_____  Date February 12, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |